Maurice HUNT, Plaintiff-Appellant,

v.

Andre MATEVOUSIAN; et al., Defendants-Appellees.

No. 17-15504

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 15, 2017 *

Filed November 20, 2017

Maurice Hunt, Pro Se

Alyson Anne Berg, Attorney, DOJ-USAO, Fresno, CA, Bureau of Prisons Regional Counsel, Federal Bureau of Prisons, Stockton, CA, Litigation Coordinator, USP—Atwater, Atwater, CA, for Defendants-Appellees

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Federal prisoner Maurice Hunt appeals pro se from the district court's judgment dismissing his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Hunt's action because Hunt failed to allege facts sufficient to show that defendants were deliberately indifferent to his back and hip injury. *See Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health;

mere negligence is insufficient to establish deliberate indifference); *see also Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (Eighth Amendment claim for denial of humane conditions of confinement requires showing that prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

